IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN E. RATIGAN, | : | CIVIL ACTION NO. **4:CV-08-1667** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIE TRGOVAC,<br>et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

The Plaintiff, Brain E. Ratigan, currently an inmate at the United States Penitentiary at Pollock, Pollock, Louisiana, and formerly an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed this action, *pro se*, pursuant to 28 U.S.C. § 1331, on September 8, 2008, naming three Defendants employed by the United States Bureau of Prisons ("BOP").[1] All three of the Defendants were employed at USP-Allenwood during the relevant times of this case. The three USP-Allenwood Defendants were: Marie L. Trgovac, Psychologist; Todd Cerney, Disciplinary Hearing Officer ("DHO"); and Chris McConnell, S.I.S.

---

[1]As we previously noted, venue in this Court is proper with respect to this § 1331 civil rights action since the incidents in question occurred at USP-Allenwood and all Defendants were employed there. Plaintiff indicated that he was transferred to USP-Allenwood on September 1, 2005, and he was transferred to USP-Pollock, his current place of confinement, on December 27, 2006. (Doc. 7, p. 4, ¶ 13. and p. 14, ¶ 56.). Also, as we previously noted, Plaintiff's instant claims seem to have arisen from October 2006 through December 2006, and as with his prior # 08-0301 M.D. Pa. civil rights case, they all relate to his alleged treatment after he wrote a letter to Defendant Trgovac stating that they had an intimate relationship many years prior to his incarceration and that they had a daughter (Teresa), who Plaintiff had never seen until the early spring of 2006 when Trgovac brought her on a tour of USP-Allenwood.

Lieutenant. (Doc. 7, pp. 1-2). Plaintiff sued all three Defendants only in their individual capacities. (*Id.*).[2]

Plaintiff filed an Amended Complaint in this action, #08-1667, on September 16, 2008. (Doc. 7). Plaintiff attached a lengthy 28-page, 100-paragraph, typed Amended Complaint to a form Amended Complaint. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

After we screened Plaintiff's #08-1667 case under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, we issued a Report and Recommendation ("R&R") on October 30, 2008. (Doc. 10). In reviewing Plaintiff's Complaint in case #08-1667, under 28 U.S.C. §1915(e)(2)(B), we recommended as follows:

> this case be dismissed as against all Defendants with respect to all of
> Plaintiff's claims except for his Fifth Amendment Due Process claim, Count
> II. (Doc. 7A, pp. 20-22). It is also recommended that Plaintiff's Due
> Process claim under the Fifth Amendment (Count II) be allowed to proceed
> as against the three Defendants. Further, it is recommended that Plaintiff's
> Motion to Proceed *in forma pauperis* (Doc. 2) be granted and that
> Plaintiff be directed to immediately pay a partial filing fee in the amount
> of 20% of his inmate account balance of $140. 97 (*i.e.* $28.19). Finally,
> it is recommended that Plaintiff's case be remanded to the undersigned
> for further proceedings, including service of the Amended Complaint on
> Defendants only with respect to his due process claim.

---

[2]This was the second, almost identical § 1331 civil rights action which Plaintiff filed against the same three Defendants, Trgovac, McConnell and Cerney. Plaintiff's first case was filed on February 19, 2008, and was docketed to Civil No. 08-0301, M.D. Pa. On April 10, 2008, the District Court issued an Order and granted Plaintiff's request for voluntary dismissal without prejudice. (Doc. 11, #08-0301). Plaintiff's #08-0301 case was then closed.

On March 11, 2009, the District Court issued the following Order:

1. Plaintiff's "Motion for Leave to Proceed in forma pauperis" is GRANTED. (Rec. Doc. No. 2).

2. Plaintiff's "Motion to Exempt Plaintiff From Paying Filing Fees" is DENIED. (Rec. Doc. No. 15). Plaintiff must immediately pay a partial filing fee of $28.19 to the clerk of court.

3. United States Magistrate J. Blewitt's Report and Recommendation is ADOPTED in part, to the extent that it is consistent with this Order. (Rec. Doc. No. 10).

4. Plaintiff's specific monetary damage requests are dismissed.

5. The following Counts are dismissed, with prejudice: Count I, Count III, Count IV, Count V, Count VI and Count VIII.

6. Count II is partially dismissed, with prejudice, to the extent described in this Order. **However, plaintiff may proceed with respect to his Count II due process claim under the Fifth Amendment regarding the fifteen days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the sixty-eight days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006.**

**7. Plaintiff is GRANTED leave to amend Count VII within fourteen days of the filing of this order.**

8. Plaintiff's "Motion to Clarify the Filing of Ratigan's Verified Amended Complaint" is GRANTED. (Rec. Doc. No. 9).

9. The case is REMANDED to the magistrate judge for further proceedings consistent with this Order.

(Doc. 22, pp. 20-21) (Emphasis added).[3]

---

[3]The Court's March 11, 2009 Order and our October 30, 2008 R&R are both found at 2009 WL 648931 (M.D. Pa.).

Plaintiff filed a comprehensive Second Amended Complaint, with two Counts (II and VII) and with numerous exhibits, on April 27, 2009. (Doc. 30).

## II. PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The PLRA[4] obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915A. *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.). Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Motion to Dismiss Standard.

The Court in *O'Connell v. Sobina*, 2008 WL 144199, *2 (W.D. Pa.), set forth the new standard to dismiss as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, –U.S. –, 127 S. Ct. 1955 (2007), as follows:

---

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

4

> As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papas an v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id* at 1974.

The Court uses the same standard of review under 28 U.S.C. §1915(e)(2)(B) as a Rule 12(b)(6) motion. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).

## IV. Discussion.

We now screen Plaintiff's Second Amended Complaint. (Doc. 30).

*1. Count II, Fifth Amendment Due Process Claim*

As we stated in our October 30, 2008 R&R:

> In Count II [of his Amended Complaint], Plaintiff raises a Fifth Amendment Due Process claim against Defendants. (Doc. 7A, pp. 20-22). Plaintiff avers that Defendant Trgovac made false statements and concealed exculpatory evidence in order to obtain a misconduct conviction against him which resulted in his confinement in the SHU and ultimately, in his transfer to another prison, *i.e.* USP-Pollock. Plaintiff alleges that Defendant Trgovac made false statements, falsified documents and concealed evidence in an attempt to have him criminal prosecuted. Plaintiff alleges that DHO Defendant Cerney convicted him of a misconduct offense without an adequate charge and without having supporting evidence. Plaintiff alleges that Defendant SIS Lt. McConnell conducted an improper investigation into the incident between Plaintiff and Defendant Trgovac regarding Plaintiff's letter to her, and that McConnell had a conflict of interest and covered up improper conduct by Defendants since he had an intimate relationship with Trgovac at the time. (*Id*.).

(Doc. 10) (Footnote omitted).

Notwithstanding the fact that the District Court only permitted Plaintiff leave to amend his claim in Count VII of his Amended Complaint, Plaintiff, in direct violation of the Court's March 11, 2009 Order, filed a voluminous 161-page (including exhibits) complete, two count, Second Amended Complaint against 13 Defendants in which he re-asserts his Count II Fifth Amendment due process claim and he amends his Count VII, failure to properly instruct, supervise, control and discipline claim. (Doc. 30). As indicated, Plaintiff was not directed by the Court to amend once again his Count II Fifth Amendment due process claim. Nor was Plaintiff granted leave by the Court to filed a second amended Count II Fifth Amendment due process claim. Plaintiff has already been

allowed by the Court to proceed with respect to his Count II Fifth Amendment due process claim as stated in his Amended Complaint (Doc. 7), "regarding the fifteen days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the sixty-eight days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006." (Doc. 22, pp. 20-21).

Thus, we find Count II of Plaintiff's Second Amended Complaint, pages 21-23 (Doc. 30), to be unnecessary and in violation of the Court's Order. We shall recommend that Count II of Plaintiff's Second Amended Complaint be dismissed since Plaintiff was already permitted to proceed with his Count II Fifth Amendment due process claim as stated in his Amended Complaint (Doc. 7) to the extent indicated by the Court in its March 11, 2009 Order. (*Id.*). *See* 2009 WL 648931, *7.

In the alternative, if the Court allows Plaintiff to proceed with his Count II Fifth Amendment due process claim as alleged in his Second Amended Complaint (Doc. 30), as opposed to having him proceed with Count II of his Amended Complaint (Doc. 7), we recommend that the three Defendants named in this Count (Trgovac, McConnell and Cerney) only be directed to respond to pages 21-23, ¶'s 80.-88., of Doc. 30. We do not recommend that these three Defendants be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79., since we find these paragraphs, in large part, contain allegations which formed the bases for some of Plaintiff's claims which were dismissed with prejudice from this Amended Complaint by the Court in its March 11, 2009 Order, such as the dismissed portion of Plaintiff's Fifth Amendment due process claim (Count II of Amended Complaint) regarding his allegations that he was not given his

*Miranda* rights by Defendants (See doc. 30, ¶ 29.), as well as allegations pertaining to his First Amendment, Fourth Amendment, and Sixth Amendment dismissed claims (Counts III, IV and V of Amended Complaint). We find that any remaining Defendants in this case would be subject to an undue burden if they were required to respond to the numerous paragraphs contained in Plaintiff's Second Amended Complaint which largely relate to claims the Court has dismissed with prejudice.

We now consider Plaintiff's second amended Count VII claim, the only claim Plaintiff was granted leave to amend.

2. *Count VII, Failure to Properly Instruct, Supervise, Control and Discipline Claim*

As we stated in our October 30, 2008 R&R (Doc. 10) with respect to Count VII of Plaintiff's Amended Complaint:

> In Count VII, Plaintiff asserts a claim for failure to properly instruct, supervise and control, and he alleges that the Constitutional violations he claims Defendants committed were due to the BOP's customs, policies and practices. Plaintiff avers that unnamed prison supervisors failed to instruct, supervise and control the Defendants in such a manner that would have prevented Defendants from making false statements and filing false charges against him, concealing evidence, obstructing criminal investigations, retaliation, coercion and defamation. (Doc. 7A, pp. 25-26). Plaintiff also claims that unnamed BOP supervisors knew of conflict of interests, *i.e.* Defendants Trgovac and McConnell had an intimate relationship before, during and after Trgovac filed an incident report against him, and the investigation was conducted by Defendant McConnell over the letter Plaintiff wrote to Trgovac about his belief that they had a daughter together. Plaintiff alleges that the staff at USP-Allenwood and BOP supervisors were well aware of the conflict of interest and that the supervisors failed to instruct, train and supervise the Defendants, which resulted in the violations of his Constitutional rights.

Further, we stated in our October 30, 2008 R&R, that "since Plaintiff has not stated the personal involvement of the three named Defendants [Trgovac, McConnell and Cerney] in his

Amended Complaint with respect to his Count VII claim, namely that their alleged conduct which violated his constitutional rights was due to the failure of BOP supervisors to properly instruct, supervise, control, and discipline the Defendants, we find that Count VII should be dismissed as against the Defendants. *See Henderson v. Bussanich*, 2006 WL 3761998 (M.D. Pa.)." (*Id.*).

In its March 11, 2009 Order, the Court stated "Plaintiff indicates that he wishes to amend the complaint to include the Defendants' activities, and those of their supervisors with regards to this count [VII]." The Court then only permitted Plaintiff leave to amend Count VII of his Amended Complaint. (Doc. 22, p. 19). *See* 2009 WL 648931.

Plaintiff's second amended Count VII claim is found at pages 24-31 of his Second Amended Complaint, Doc. 30. Plaintiff names the following 12 Defendants with respect to his second amended Count VII claim: Trgovac; McConnell; Womeldorf; Matthews; Mitchell; Hanson; Szulanczyk; Miner; Sadowski; Dodrill[5]; Watts; and Lappin.

Since the Court has allowed Plaintiff to proceed with respect to his Count II, Fifth Amendment due process claim as against Defendants Trgovac, McConnell and Cerney, Plaintiff may be able to state a claim under § 1331 against the prison officials who were the supervisors of these three Defendants for their alleged failure to properly train and supervise these three Defendants. *See Neuburger v. Thompson*, 305 F. Supp. 2d 521, 534-535 (W. D. Pa. 2004)(citations omitted).

Initially, we fail to see how Defendants Trgovac and McConnell can be held liable under Plaintiff's failure to train and supervise claim (Count VII, Doc. 30) since Plaintiff alleges that the

---

[5] Plaintiff incorrectly spells Dodrill's name as "Dodril." We use the correct spelling of this Defendant's name herein.

supervisors of these two Defendants failed to train and supervise them, and that this resulted in violations of his rights by Trgovac and McConnell. We do not find that Trgovac and McConnell should be named as Defendants in Count VII, Doc. 30, since they cannot be found liable for failing to train and supervise themselves. In fact, Plaintiff alleges in Count VII, Doc. 30, that the violations of his constitutional rights by Defendants Trgovac, McConnell and Cerney were only possible due to the failure of the BOP supervisors of these Defendants "to oversee, instruct, supervise, control, investigate and discipline [Trgovac, McConnell and Cerney]". (Doc. 30, ¶ 89., p. 24).[6]

Thus, we will recommend that Defendants Trgovac and McConnell be dismissed from Count VII, Doc. 30. Since we find that pages 24-26 of Count VII, Doc. 30, ¶'s 89.-93., largely relate to the alleged unconstitutional conduct of Defendants Trgovac and McConnell, we do not discuss them herein.

We also find that Plaintiff fails to sufficiently state the personal involvement of Defendants Sadowski, Dodrill, Watts and Lappin with respect to his amended Count VII, Doc. 30. Since Plaintiff has stated the positions of these four BOP supervisory Defendants on pages 3-4 of his Second Amended Complaint (Doc. 30), we do not repeat them herein. Suffice to say, that we find Plaintiff has essentially named Sadowski, Dodrill, Watts, and Lappin as Defendants in his amended Count VII claim based on *respondeat superior*.

It is well established that personal liability in a civil rights action (both under 42 U.S.C. §1983 and 28 U.S.C. §1331) cannot be imposed upon an official based on a theory of *respondeat*

---

[6]Plaintiff does not name Cerney as a Defendant in Count VII, Doc. 30. (*See* Doc. 30, pp. 30-31).

*superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt v. Taylor*, 451 U.S. 527 (1981). It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official liability in a civil rights action. *See Rode,* 845 F.2d at 1208.[7]

In *Neuburger*, the Court stated:

> Third Circuit case law recognizes that "(a) defendant in a civil rights action
> must have personal involvement in the alleged wrongs" in order to be

---

[7]As stated above, while Plaintiff attempts to hold all of the supervisory Defendants liable in Count VII, Doc. 30, under the so-called "Ostrich Theory," it is well settled that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior. See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the §1983 [or §1331] violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

11

> liable. *Sutton v. Rasheed,* 323 F.3d 236, 249 (3d Cir.2003) (citing
> *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)).
> Consequently, a supervisor may be liable under 42 U.S.C. § 1983 for
> his or her subordinate's unlawful conduct if he or she directed, encouraged,
> tolerated, or acquiesced in that conduct. *See Blanche Road Corp. v.
> Bensalem Twp.,* 57 F.3d 253, 263 (3d Cir.1995); *Baker v. Monroe Twp.,*
> 50 F.3d 1186, 1190-91 (3d Cir.1995). However, the mere assertion
> "that the constitutionally cognizable injury would not have occurred if
> the superior had done more than he or she did" is insufficient to
> establish liability. *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989).
> Likewise, a supervisor's mere failure to train, supervise or discipline
> subordinate officers does not state a basis for a § 1983 claim against
> the supervisor absent proof of direct participation by the superior in
> some unlawful conduct. *Mobley v. City of Atlantic City Police Dept.,* No. Civ.
> A. 97-2086JBS, 2000 WL 363692 at *3 (D.N.J. March 30, 2000) (citing
> *Brown v. Grabowski,* 922 F.2d 1097, 1119-20 (3d Cir.1990)).

305 F. Supp. 2d at 535.

A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992); *Sharpe,* 2007 WL 1098964, *3.[8]

---

[8]The Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential), noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . "

Plaintiff's allegations against BOP supervisory Defendants Sadowski, Dodrill, Watts and Lappin are found at ¶'s 99.-102., Doc. 30. Plaintiff's almost identical allegations against the four supervisory BOP official Defendants are not sufficient to state claims against them based on a theory of failure to supervise and train. *See Hodge v. U.S.*, 2007 WL 2571938, *11-*13 (M.D. Pa.); *Neuburger, supra*. We do not find that Plaintiff adequately alleges that Defendants Sadowski, Dodrill, Watts and Lappin had any direct participation in any unlawful conduct at USP-Allenwood. Plaintiff basically alleges that the alleged violations of his rights by Trgovac, McConnell and Cerney would not have occurred if these BOP supervisory Defendants had done more than they did.

Plaintiff alleges that Defendant Lt. Womeldorf was present when Defendant Lt. McConnell was using threats against him during McConnell's interrogation and that Womeldorf failed to intervene. However, Plaintiff fails to state that Lt. Womeldorf was Lt. McConnell's supervisor and was involved with the training of McConnell. In fact, Plaintiff alleges that Defendant Lt. McConnell was the "acting supervisor" during the incident and investigation, and he indicates that Lt. Womeldorf had no authority over McConnell. (Doc. 30, ¶'s 92-94.). Thus, we find that Defendant Lt. Womeldorf should be dismissed from the amended Count VII claim, Doc. 30.

We find that Plaintiff has sufficiently stated the personal involvement of only supervisory Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner with respect to his amended Count VII claim. (Doc. 30, ¶'s 94., 95., 96.,97. and 98., respectively). Plaintiff avers that these five supervisory Defendants at USP-Allenwood had direct personal involvement in the alleged constitutional violations of Trgovac, McConnell and Cerney, and that they were in positions of supervisory authority over Trgovac, McConnell and Cerney. Plaintiff avers that these five

13

supervisory Defendants caused, in part, the violations of his constitutional rights by Trgovac, McConnell and Cerney due to their failure to properly train, supervise and instruct Trgovac, McConnell and Cerney.

Thus, we shall recommend that Plaintiff's amended Count VII, Doc. 30, be permitted to proceed only as against Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner. We will recommend that Defendants Trgovac, McConnell, Sadowski, Dodrill, Watts Lappin, and Womeldorf be dismissed from Plaintiff's amended Count VII, Doc. 30. Also, based on our discussion above, we will recommend that Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner not be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79.

## V. Recommendation.

Based on the above, it is respectfully recommended that Count II of Plaintiff's Second Amended Complaint (Doc. 30, pp. 21-23) be dismissed since Plaintiff was already permitted to proceed with his Count II Fifth Amendment due process claim against Defendants Trgovac, McConnell and Cerney as stated in his Amended Complaint (Doc. 7, pp. 20-22), to the extent indicated by the Court in its March 11, 2009 Order. *See* 2009 WL 648931, *7.[9]

---

[9] In our October 208 R&R (Doc. 10), we recommended that Plaintiff's case be dismissed as against all Defendants with respect to all of his claims in his Amended Complaint except for his Fifth Amendment Due Process claim, Count II. (Doc. 7, pp. 20-22). We also recommended that Plaintiff's Due Process claim under the Fifth Amendment (Count II) be allowed to proceed as against Defendants Trgovac, McConnell and Cerney.

In the alternative, if the Court allows Plaintiff to proceed with his Count II Fifth Amendment due process claim as alleged in his Second Amended Complaint (Doc. 30, pp. 21-23), as opposed to having him proceed with Count II of his Amended Complaint (Doc. 7, pp. 20-22), it is recommended that the three Defendants named in this Count (Trgovac, McConnell and Cerney) only be directed to respond to pages 21-23, ¶'s 80.-88., of Doc. 30. It is recommended that these three Defendants not be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79.

Further, it is recommended that Plaintiff's amended Count VII of his Second Amended Complaint, Doc. 30, be permitted to proceed only as against Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner. It is recommended that Defendants Trgovac, McConnell, Sadowski, Dodrill, Watts, Lappin and Womeldorf be dismissed from Plaintiff's amended Count VII, Doc. 30. Also, it is recommended that Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner not be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79.

Finally, it is recommended that Plaintiff's case be recommitted to the undersigned for further proceedings against the remaining Defendants with respect to Counts II and VII.

**s/ Thomas M. Blewitt**_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 12, 2009**

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN E. RATIGAN, | : | CIVIL ACTION NO. **4:CV-08-1667** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIE TRGOVAC, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 12, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: May 12, 2009**