IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN E. RATIGAN, | : | No. 4:CV-08-1667 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| MARIE TROGVAC, et. al., | : | |
| Defendants. | : | |

**MEMORANDUM**

August 24, 2009

**BACKGROUND:**

On September 8, 2008, plaintiff, Brian E. Ratigan, currently an inmate at the United States Penitentiary at Pollock, Louisiana, and formerly an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed this Bivens[1] civil rights action, pro se, under 28 U.S.C. § 1331. (Rec. Doc. No. 1).

Ratigan's first amended complaint (Rec. Doc. No. 7) was a seven count complaint against Maria Trogvac, Todd Cerney, and Chris McConnell. On March 11, 2009 we dismissed Counts I (RICO), III (First Amendment), IV (Fourth

---

[1] Bivens is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

Amendment right against unreasonable search and seizure), V (Sixth Amendment Right to assistance of counsel), VI (Eighth Amendment) and Count VIII (Ninth Amendment). (Rec. Doc. No. 22).

With respect to Count II, we dismissed the Miranda violation allegation. However, Ratigan was permitted to proceed with his Fifth Amendment due process claim regarding the 15 days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the 68 days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006. (Rec. Doc. No. 22). With respect to Count VII, Ratigan was given leave to amend his claim within 14 days of the filing of our order for Ratigan to state the personal involvement of defendants with respect to this claim.

In his second amended complaint filed April 27, 2009, Ratigan added nine additional defendants to his original three named defendants. Ratigan named as defendants Marie Trgovac, Chris McConnell, Todd Cerney, Daniel P. Womeldorf, Todd Matthews, Mitchell, R. Hanson, T.M. Szulanczyk, Warden Jonathan C. Miner, Henry J. Sadowski, D. Scott Dodril, Herrell Watts, and Harley G. Lappin. (Rec. Doc. No. 30).

On May 12, 2009, the magistrate judge issued his Report and Recommendation based on the second amended complaint. (Rec. Doc. No. 33).

2

The Report and Recommendation of the magistrate judge is not the subject of the instant Memorandum and Order. The magistrate judge's Report and Recommendation, along with Ratigan's Motion for Leave to Amend the Complaint and his Motion to Appoint Counsel will be dealt with in a separate, forthcoming order. (Rec. Doc. Nos. 33, 42, and 44). Also, Ratigan filed a Motion for Recusal, which will also be dealt with in a separate order. (Rec. Doc. No. 39).

At issue in the instant memorandum and order is Ratigan's "Notice of Motion, and Motion to Alter, Amend or Reconsider Judgment Pursuant to F.R.C.P. 59(e)." (Rec. Doc. No. 37). This Motion for Reconsideration is ripe for disposition, and now for the following reasons we will grant the motion. (Rec. Doc. No. 37). Accordingly, this vacates our previous withdrawal of Ratigan's "Alter, Amend or Reconsider Judgement [sic] Pursuant to Fed. R. Civ. P. 29(e)." (Rec. Doc. No. 25). Now, for the following reasons we will deny this motion. (Rec. Doc. No. 25).

**DISCUSSION:**

1. Motion for Reconsideration

The subject of the instant Memorandum and Order is Ratigan's Motion for Reconsideration. (Rec. Doc. No. 37). A brief history of Ratigan's filings is in order. On March 23, 2009 Ratigan filed a twenty-one page Motion for

3

Reconsideration of our March 11, 2009 Order, for the court to reconsider our dismissal of Ratigan's First Amendment claim. (Rec. Doc. No. 25). Ratigan did not file a supporting brief, although the reasoning for his motion was fully set forth in the motion. We summarily denied the Motion for Reconsideration on April 22, 2009 based on Ratigan's failure to submit a supporting brief citing Middle District Local Rule. 7.5. (Rec. Doc. No. 28). On May 4, 2009, Ratigan filed a Motion for Relief From a Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) arguing that the Motion for Reconsideration is not a "pre-trial motion" and therefore Rule 7.5 and its supporting brief requirement does not apply. (Rec. Doc. No. 31). On May 26, 2009, we again summarily denied Ratigan's Motion because that order was not a final judgment and because no supporting brief had been filed. (Rec. Doc. No. 36).

Now before the court is a second Motion for Reconsideration asserting that L.R. 7.5 does not apply, and the court should reconsider our denial of his first Motion for Reconsideration. (Rec. Doc. No. 37).

At a minimum, it is unclear whether Local Rule 7.5 applies to Motions for Reconsideration. Local Rule 7.10 applies to Motions for Reconsideration, and it does not contain a reference to LR 7.5, nor does it include a sanction for failure to file a supporting brief. As a result, we will grant Ratigan's Motion for

Reconsideration. (Rec. Doc. No. 37). Accordingly, we will vacate our April 22, 2009 Order. (Rec. Doc. No. 28). We will consider the Motion for Reconsideration based on the reasoning set forth in Ratigan's March 23, 2009 Motion. (Rec. Doc. No. 25).

2. Standard of Review for Motions for Reconsideration

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527

(M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

### 3. Dismissal of Count III of the first amended complaint

Ratigan's motion asserts the third reason the Third Circuit has set forth: the need to correct a clear error of law or fact or to prevent manifest injustice, as the basis for his motion. Ratigan argues that the dismissal of Count III of his complaint was in error. Count III of Ratigan's First Amended Complaint (the most current complaint at the time of our Order dismissing Count III), alleged that Trgovac violated Ratigan's right to freedom of expression for allegedly refusing to let him communicate with her daughter, whom he alleges is his biological daughter. Count III also alleged that McConnell violated his First Amendment right to access to the courts by placing Ratigan in the Special Housing Unit (SHU)

under allegedly false pretenses.  We dismissed Count III in its entirety by Order dated March 11, 2009.

Ratigan's Motion for Reconsideration argues that the court erred because the letter he wrote to Trgovac was protected speech.  Although Ratigan attempts to frame his Motion for Reconsideration as an argument for the court to correct a clear error of law or fact or to prevent manifest injustice, this is not the argument in the motion.  The motion attempts to argue a new theory as to why his First Amendment rights were violated.  His two theories in his complaint, which we dismissed, were that Trgovac denied Ratigan his freedom of expression for not allowing him to communicate with her daughter (paragraph 82 of the First Amended Complaint, Rec. Doc. No. 7) and that McConnell denied Ratigan access to the Courts in violation of the First Amendment (paragraph 83 of the First Amended Complaint, Rec. Doc. No. 7).  Now, in Ratigan's Motion for Reconsideration, he sets forth a new theory of First Amendment violations - that the letter to Trgovac was protected speech.  (Rec. Doc. No. 25 at 2).  Attempting to set forth a new theory of the case is not appropriate for a Motion for Reconsideration. Therefore, the motion, in so far as it rests on these grounds will be denied.

4.  Tort claim form 95

The other error Ratigan asserts in his motion is

> [T]he Court's failure to notice that Ratigan did file a tort claim form 95 No. (# TRT-NER-2008-03602) on March 22, 2008, that was denied on September 17, 2008. See (Ratigan's written objections to the R&R at 63, and Exhibit 3).

(Rec. Doc. No. 25 at 3). This reference by Ratigan is completely unclear. Paragraph 63 of Ratigan's objections to the R&R argues a legal standard for a Fourth Amendment violation. (Rec. Doc. No. 18 at 63). Furthermore, there are only two exhibits attached to Ratigan's objections to the R&R, and these are titled "A" and "B;" there is no Exhibit 3. Because Ratigan's reference is indecipherable, and also because Ratigan does not argue how filing "tort claim form 95" bears on our dismissal of one of his claims and how that relates to (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, that aspect of the motion will be denied.

**CONCLUSION:**

Ratigan's "Motion to Alter, Amend, or Reconsider Judgement [sic] Pursuant to Fed. R. Civ. P. 59(e) will be denied.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN E. RATIGAN, : No. 4:CV-08-1667
:
    Plaintiff, :
: (Judge McClure)
  v. :
:
MARIE TROGVAC, et. al., :
:
    Defendants. :

## ORDER

August 24, 2009

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1. Plaintiff's "Notice of Motion, and Motion to Alter, Amend or Reconsider Judgment Pursuant to F.R.C.P. 59(e)" is GRANTED.  (Rec. Doc. No. 37).

2. The Court's Order of April 22, 2009 is VACATED.  (Rec. Doc. No. 28).

3. The Court's withdrawal of Ratigan's Motion to "Alter, Amend or Reconsider Judgement [sic] Pursuant to Fed. R. Civ. P. 29(e)" is VACATED and said motion is now DENIED.  (Rec. Doc. No. 25).

                                              s/ James F. McClure, Jr.
                                              James F. McClure, Jr.
                                              United States District Judge