IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN E. RATIGAN, : No. 4:CV-08-1667
:
   Plaintiff, :
: (Judge McClure)
  v. :
:
MARIE TROGVAC, et. al., :
:
   Defendants. :

**MEMORANDUM**

August 28, 2009

**BACKGROUND:**

On September 8, 2008, plaintiff, Brian E. Ratigan, currently an inmate at the United States Penitentiary at Pollock, Pollock, Louisiana, and formerly an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed this Bivens[1] civil rights action, pro se, under 28 U.S.C. § 1331. (Rec. Doc. No. 1).

Ratigan's first amended complaint (Rec. Doc. No. 7) was a seven count complaint against Maria Trogvac, Todd Cerney, and Chris McConnell. On March 11, 2009 we dismissed Counts I (RICO), III (First Amendment), IV (Fourth

---

[1] Bivens is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1

Amendment right against unreasonable search and seizure), V (Sixth Amendment Right to assistance of counsel), VI (Eighth Amendment) and Count VIII (Ninth Amendment). (Rec. Doc. No. 22).

With respect to Count II, we dismissed the Miranda violation allegation in Count II. However, Ratigan was permitted to proceed with his Fifth Amendment due process claim regarding the 15 days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the 68 days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006. (Rec. Doc. No. 22). With respect to Count VII, Ratigan was given leave to amend his claim within 14 days of the filing of our order for Ratigan to state the personal involvement of defendants with respect to this claim.

In his second amended complaint filed April 27, 2009, Ratigan added nine additional defendants to his original three named defendants. Ratigan named as defendants Marie Trgovac, Chris McConnell, Todd Cerney, Daniel P. Womeldorf, Todd Matthews, Mitchell, R. Hanson, T.M. Szulanczyk, Warden Jonathan C. Miner, Henry J. Sadowski, D. Scott Dodril, Herrell Watts, and Harley G. Lappin. (Rec. Doc. No. 30).

On May 12, 2009, the magistrate judge issued a seventeen page Report and Recommendation based on the second amended complaint. (Rec. Doc. No. 33).

2

On June 19, 2009, Ratigan filed his objections to the Report and Recommendation on June 19, 2009. (Rec. Doc. No. 46). Thus, the matter is ripe for disposition.

Also ripe for disposition are Ratigan's "Motion for Leave to Amend/Correct His Civil Rights Complaint" (Rec. Doc. No. 42), and "Motion to Renew Request for Appointment of Counsel" (Rec. Doc. No. 44).

Now, for the following reasons we will adopt, in part, the Report and Recommendation of the magistrate judge, in so far as it is consistent with this order. We will remand to the magistrate judge Ratigan's motion to amend his complaint and his motion for appointment of counsel.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. Middle District Local Rule 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

On March 11, 2009, we dismissed counts I, III, IV, V, VI and VIII of plaintiff's first amended complaint. (Rec. Doc. No. 22). We also partially dismissed count II, directing that "plaintiff may proceed with respect to his Count II due process claim under the Fifth Amendment regarding the fifteen days he spent in disciplinary segregation in the SHU due to an overturned misconduct

conviction and the sixty-eight days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006." (Id.) We also granted plaintiff leave to amend Count VII to state the personal involvement of the defendants within fourteen days of the filing of that order. We then granted plaintiff an extension of time within which to file his second amended complaint, and it was timely filed April 27, 2009.

Recommendations of the Magistrate Judge

In his report and recommendation, the magistrate judge recommended that Count II of plaintiff's second amended complaint be dismissed, because plaintiff was already permitted to proceed with Count II as stated in his first amended complaint to the extent indicated by court Order on March 11, 2009. In the alternative, the magistrate judge recommended that the three defendants named in that count, Trgovac, Cerney, and McConnell, only be directed to respond to paragraphs 80-88 of plaintiff's second amended complaint, since paragraphs 17-79 contained allegations related to dismissed claims.

The magistrate judge also recommended that Count VII be dismissed as to Trgovac and McConnell, because they can not be held liable for failure to train and supervise themselves. The magistrate judge next recommended that Count VII be dismissed as to Sadowski, Dodril, Watts, and Lappin because Ratigan has alleged

4

liability against these four defendants based on a theory of respondeat superior. The magistrate judge also recommended that Count VII be dismissed as to Lt. Womeldorf because Ratigan admitted that Lt. Womeldorf had no authority over McConnell. The magistrate judge recommended that Count VII be permitted to proceed against defendants Mathews, Mitchell, Hanson, Szulanczyk and Miner, because Ratigan has averred the personal involvement and supervisory authority over Trgovac, McConnell and Cerney. The magistrate judge further recommended that these five defendants not be required to respond to the numerous background pages of plaintiff's complaint.

Ratigan's Objections

Ratigan once again objects to the authority of the magistrate judge to issue a report and recommendation. Ratigan also argues that the report and recommendation is premature because there were other motions pending in this court. Ratigan also argues that he did not violate the court's order by amending Count II to include allegations, <u>inter alia</u>, that he was tormented by an unauthorized psychological experiment undertaken by the defendants. He also objects to the suggestion that the three defendants be directed to not respond to the background paragraphs of his complaint. Ratigan also objected to the recommendation that Count VII be dismissed as to defendants Sadowski, Dodril, Watts and Lappin. He

also objects to the suggestion that the five defendants be directed to not respond to the background paragraphs of his complaint

Discussion

1. Authority of the Magistrate Judge

This is a recycled argument of Ratigan's that has previously failed. As we previously stated in our Order of March 11, 2009, Judge Blewitt has the authority to issue a report and recommendation in this case in accordance with 28 U.S.C. § 636.

2. Prematurity of the Report and Recommendation

This argument is moot. This court has disposed of Ratigan's motions for reconsideration, and the dismissal of his First Amendment claim stands. Accordingly, the magistrate judge's report and recommendation appropriately addresses the two remaining claims, and Ratigan's argument is moot.

3. Count II

In our March 11, 2009 Order, we stated that "plaintiff may proceed with respect to his Count II due process claim under the Fifth Amendment regarding the fifteen days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the sixty-eight days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006." Plaintiff

was not permitted to amend Count II of his first amended complaint in any fashion. Ratigan admits in his objections that he has added facts in his second amended complaint to include additional allegations. Ratigan was not given leave to amend Count II of his first amended complaint. Thus, we will proceed with Count II as written in Ratigan's first amended complaint. (Rec. Doc. No. 7).

However, we do not agree with the magistrate judge's suggestion that the three defendants named in this count (Trgovac, McConnell and Cerney) only be directed to respond to the paragraphs in the count, and that these three defendants not be required to respond to <u>any</u> of the background paragraphs. We appreciate the position of the magistrate judge, that he does not want the three defendants burdened with responding to factual allegations that were intended to form the substance of other counts, now dismissed. However, directing the three defendants to not respond to any of the background paragraphs would preclude the defendants from responding to the background paragraphs that form the substance of Count II.

We will direct the magistrate judge to determine which background facts apply to Count II, and when the time comes for us to direct the summons and service of the complaint, we will specify to the defendants which background facts they should respond to, based on the magistrate judge's determination.

7

4. Count VII

Plaintiff named 12 of the 13 defendants in his Count VII claim that prison officials failed to properly train and supervise Trgovac, McConnell and Cerney. He named Trogovac, McConnell, Womeldorf, Matthews, Mitchell, Hanson, Szulanczyk, Miner, Sadowski, Dodrill[2], Watts and Lappin.

We agree with most of the recommendations made by the magistrate judge, and for judicial economy we will not rehash his sound reasoning here. We will dismiss Count VII as to Trgovac and McConnell, as they cannot be held liable for failure to train and supervise themselves. We will dismiss Count VII as to Sadowski, Dodrill, Watts and Lappin as personal liability in a civil action cannot be imposed upon an official based on a *respondeat superior* theory. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). We agree with the magistrate judge that plaintiff has stated a claim against Mathews, Hanson, Szulanczyk and Miner; accordingly, Count VII will proceed as against these four defendants only.

We do not agree with the magistrate judge's suggestion that plaintiff has sufficiently stated a claim against Mitchell. Plaintiff's allegations against Mitchell

---

[2]The magistrate judge indicates that this defendant's name is spelled Dodrill as opposed to Dodril. We will follow the lead of the magistrate judge.

are that he turned a blind eye to alleged psychological experiments conducted by Trgovac. We have not permitted plaintiff to amend Count II to include allegations of due process violations for alleged psychological experimentation by Trgovac. Accordingly, plaintiff's claim against Mitchell cannot proceed on the basis of alleged failure to train or supervise Trgovac regarding alleged psychological experimentation; thus we will dismiss Count VII as to Mitchell.

Additionally, the magistrate judge recommended that these defendants not be required to respond to the numerous background facts of plaintiff's complaint. For the same reasoning as with Count II above, we will instead direct the magistrate judge to determine which facts in the second amended complaint apply to Count VII, and when we direct the summons and service of the complaint, we will direct defendants to respond to only those background facts that the magistrate judge found to be applicable to Count VII.

**CONCLUSION:**

Count II of plaintiff's second amended complaint will be dismissed and plaintiff is to proceed with Count II as written in his first amended complaint. Count VII of plaintiff's second amended complaint will be dismissed as to Trgovac, McConnell, Sadowski, Dodrill, Watts, Lappin and Mitchell, and may proceed as to Mathews, Hanson, Szulanczyk and Miner. The magistrate judge will

be directed to determine which background facts are applicable to Count II of the first amended complaint and Count VII of the second amended complaint. The magistrate judge will be directed to respond to plaintiff's motion for leave to amend the complaint, and motion to appoint counsel.

As it stands now, the case is proceeding as follows: Count II of plaintiff's first amended complaint (Rec. Doc. No. 7) is proceeding against Trgovac, McConnell and Cerney; Count VII of plaintiff's second amended complaint (Rec. Doc. No. 30) is proceeding against Mathews, Hanson, Szulanczyk and Miner. Defendants Sadowski, Dodrill, Watts, Lappin and Mitchell are dismissed from the proceedings in their entirety.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN E. RATIGAN, : No. 4:CV-08-1667
:
    Plaintiff, :
: (Judge McClure)
  v. :
:
MARIE TROGVAC, et. al., :
:
    Defendants. :

**ORDER**

August 28, 2009

1. The Report and Recommendation of the magistrate judge is adopted, in part, in so far as it is consistent with this order. (Rec. Doc. No. 33).

2. Count II of plaintiff's second amended complaint is DISMISSED. (Rec. Doc. No. 30). Plaintiff may proceed with Count II as written in his first amended complaint. (Rec. Doc. No. 7).

3. The magistrate judge is directed to determine which background facts apply to Count II.

4. Count VII of plaintiff's second amended complaint is DISMISSED as to defendants Trgovac, McConnell, Sadowski, Dodrill, Watts, Lappin and Mitchell. (Rec. Doc. No. 30).

5. Count VII may proceed against Mathews, Hanson, Szulanczyk and Miner.

6. The magistrate judge is directed to determine which background facts apply to Count VII.

7. The case file is remanded to the magistrate judge for further proceedings consistent with this order, including disposition of plaintiff's Motion for Leave to Amend/Correct His Civil Rights Complaint" (Rec. Doc. No. 42) and "Motion to Renew Request for Appointment of Counsel (Rec. Doc. No. 44).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge