IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN E. RATIGAN, | : | CIVIL ACTION NO. **4:CV-08-1667** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIE TRGOVAC, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Brain E. Ratigan, currently an inmate at the United States Penitentiary at Bruceton Mills, West Virginia, and formerly an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed this action, *pro se*, pursuant to 28 U.S.C. § 1331, on September 8, 2008, naming three Defendants employed by the United States Bureau of Prisons ("BOP").[1] All three of the Defendants were employed at USP-Allenwood during the relevant times of this case. The three USP-Allenwood Defendants were: Marie L. Trgovac, Psychologist; Todd Cerney, Disciplinary Hearing Officer ("DHO"); and Chris McConnell, S.I.S. Lieutenant. (Doc. 7,

---

[1] As we previously noted, Plaintiff's instant claims seem to have arisen from October 2006 through December 2006 at USP-Allenwood. As with his prior # 08-0301 M.D. Pa. civil rights case, Plaintiff's claims all relate to his alleged treatment after he wrote a letter to Defendant Trgovac claiming that they had an intimate relationship many years prior to his incarceration and that they had a daughter (Teresa), who Plaintiff had never seen until the early spring of 2006 when Trgovac brought Teresa on a tour of USP-Allenwood. Trgovac has denied that Plaintiff was the father of her daughter Teresa.

pp. 1-2). Plaintiff sued all three Defendants only in their individual capacities. (*Id*.).[2]

Plaintiff filed an Amended Complaint in this action, #08-1667, on September 16, 2008. (Doc. 7). Plaintiff attached a lengthy 28-page, 100-paragraph, typed Amended Complaint to a form Amended Complaint. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

After we screened Plaintiff's Amended Complaint case under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e), we issued a Report and Recommendation ("R&R") on October 30, 2008. (Doc. 10).[3] In reviewing Plaintiff's Amended Complaint under 28 U.S.C. §1915(e)(2)(B), we recommended as follows:

> this case be dismissed as against all Defendants with respect to all of Plaintiff's claims except for his Fifth Amendment Due Process claim, Count II. (Doc. 7A, pp. 20-22). It is also recommended that Plaintiff's Due Process claim under the Fifth Amendment (Count II) be allowed to proceed as against the three Defendants. Further, it is recommended that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be granted and that Plaintiff be directed to immediately pay a partial filing fee in the amount of 20% of his inmate account balance of $140. 97 (*i.e.* $28.19). Finally, it is recommended that Plaintiff's case be remanded to the undersigned for further proceedings, including service of the Amended Complaint on Defendants only with respect to his due process claim.

---

[2]We previously noted that the present case was the second, almost identical § 1331 civil rights action which Plaintiff filed against the same three Defendants, Trgovac, McConnell and Cerney. Plaintiff's first case was filed on February 19, 2008, and was docketed to Civil No. 08-0301, M.D. Pa. On April 10, 2008, the District Court issued an Order and granted Plaintiff's request for voluntary dismissal without prejudice. (Doc. 11, #08-0301). Plaintiff's #08-0301 case was then closed.

[3]This case was assigned to the undersigned Magistrate Judge for pre-trial matters. *See* 28 U.S.C. § 636(b).

On March 11, 2009, the District Court issued the following Order:

1. Plaintiff's "Motion for Leave to Proceed in forma pauperis" is GRANTED. (Rec. Doc. No. 2).

2. Plaintiff's "Motion to Exempt Plaintiff From Paying Filing Fees" is DENIED. (Rec. Doc. No. 15). Plaintiff must immediately pay a partial filing fee of $28.19 to the clerk of court.

3. United States Magistrate J. Blewitt's Report and Recommendation is ADOPTED in part, to the extent that it is consistent with this Order. (Rec. Doc. No. 10).

4. Plaintiff's specific monetary damage requests are dismissed.

5. **The following Counts are dismissed, with prejudice: Count I, Count III, Count IV, Count V, Count VI and Count VIII.**

6. **Count II is partially dismissed, with prejudice, to the extent described in this Order.** However, plaintiff may proceed with respect to his Count II due process claim under the Fifth Amendment regarding the fifteen days he spent in disciplinary segregation in the SHU due to an overturned misconduct conviction and the sixty-eight days he spent in disciplinary segregation pursuant to the Administrative Detention Order of October 10, 2006.

7. Plaintiff is GRANTED leave to amend Count VII within fourteen days of the filing of this order.

8. Plaintiff's "Motion to Clarify the Filing of Ratigan's Verified Amended Complaint" is GRANTED. (Rec. Doc. No. 9).

9. The case is REMANDED to the magistrate judge for further proceedings consistent with this Order.

(Doc. 22, pp. 20-21) (Emphasis added).[4]

---

[4] The Court's March 11, 2009 Order and our October 30, 2008 R&R are both found at 2009 WL 648931 (M.D. Pa.).

Plaintiff filed a comprehensive Second Amended Complaint, with two Counts (II and VII) and with numerous exhibits, on April 27, 2009. (Doc. 30).

On May 12, 2009, we issued an R&R and recommended, in pertinent part, as follows:[5]

It is recommended that Count II of Plaintiff's Second Amended Complaint (Doc. 30, pp. 21-23) be dismissed since Plaintiff was already permitted to proceed with his Count II Fifth Amendment due process claim against Defendants Trgovac, McConnell and Cerney as stated in his Amended Complaint (Doc. 7, pp. 20-22), to the extent indicated by the Court in its March 11, 2009 Order. *See* 2009 WL 648931, *7.

In the alternative, if the Court allows Plaintiff to proceed with his Count II Fifth Amendment due process claim as alleged in his Second Amended Complaint (Doc. 30, pp. 21-23), as opposed to having him proceed with Count II of his Amended Complaint (Doc. 7, pp. 20-22), it is recommended that the three Defendants named in this Count (Trgovac, McConnell and Cerney) only be directed to respond to pages 21-23, ¶'s 80.-88., of Doc. 30. It is recommended that these three Defendants not be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79.

Further, it is recommended that Plaintiff's amended Count VII of his Second Amended Complaint, Doc. 30, be permitted to proceed only as against Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner. It is recommended that Defendants Trgovac, McConnell, Sadowski, Dodrill, Watts, Lappin and Womeldorf be dismissed from Plaintiff's amended Count VII, Doc. 30. Also, it is recommended that Defendants Mathews, Mitchell, Hanson, Szulanczyk, and Miner not be required to respond to the numerous background pages of Doc. 30, pp. 4-21, ¶'s 17.-79.

Finally, it is recommended that Plaintiff's case be recommitted to the undersigned for further proceedings against the remaining Defendants with respect to Counts II and VII.

(Doc. 33) (footnote omitted).

On June 16, 2009, while our May 12, 2009 R&R was pending with the Court in this § 1331 *Bivens* civil rights action, Plaintiff Ratigan filed a one-sentence Motion for Leave to Amend his Civil

---

[5]Since the lengthy factual background of this case is detailed in our Docs. 10 and 33 R&R, and in the Court's Doc. 50 Memorandum, we do not repeat them fully herein.

Rights Complaint under Fed. R. Civ. P. 15(c)(1). (Doc. 42). Plaintiff attached a 32-page proposed Third Amended Complaint to his Motion. Plaintiff also simultaneously filed a 2-page, 9-paragraph Brief in support of his Motion. (Doc. 43).

On August 28, 2009, the Court issued a Memorandum in which it concluded as follows:

> Count II of plaintiff's second amended complaint [Doc. 30] will be dismissed and plaintiff is to proceed with Count II as written in his first amended complaint. Count VII of plaintiff's second amended complaint will be dismissed as to Trgovac, McConnell, Sadowski, Dodrill, Watts, Lappin and Mitchell, and may proceed as to Matthews, Hanson, Szulanczyk and Miner. The magistrate judge will be directed to determine which background facts are applicable to Count II of the first amended complaint and Count VII of the second amended complaint. The magistrate judge will be directed to respond to plaintiff's motion for leave to amend the complaint, and motion to appoint counsel.
>
> As it stands now, the case is proceeding as follows: Count II of plaintiff's first amended complaint (Rec. Doc. No. 7) is proceeding against Trgovac, McConnell and Cerney; Count VII of plaintiff's second amended complaint (Rec. Doc. No. 30) is proceeding against Matthews, Hanson, Szulanczyk and Miner. Defendants Sadowski, Dodrill, Watts, Lappin and Mitchell are dismissed from the proceedings in their entirety.

(Doc. 50, pp. 9-10).

This same date, the Court also issued an Order directing, in relevant part, the following:

> 2. Count II of plaintiff's second amended complaint is DISMISSED. (Rec. Doc. No. 30). Plaintiff may proceed with Count II as written in his first amended complaint. (Rec. Doc. No. 7).
>
> 3. The magistrate judge is directed to determine which background facts apply to Count II.
>
> 4. Count VII of plaintiff's second amended complaint is DISMISSED as to defendants Trgovac, McConnell, Sadowski Dodrill, Watts, Lappin and Mitchell. (Rec. Doc. No. 30).

> 5. Count VII [of Plaintiff's Second Amended Complaint, Doc. 30] may proceed against Matthews, Hanson, Szulanczyk and Miner.
>
> 6. The magistrate judge is directed to determine which background facts apply to Count VII.

(*Id.*, pp. 11-12).

The Court also remanded this case to the undersigned, in part, to address Plaintiff's Motion to Amend. (*Id.*, p. 12, ¶ 7.).

On September 9, 2009, we issued an Order and denied Plaintiff's Motion to file a Third Amended Complaint (Doc. 42). (Doc. 52).

On September 8, 2010, Defendants' jointly filed a Motion to Dismiss or for Summary Judgment. (Doc. 97). On September 22, 2010, Defendants filed their Statement of Facts ("SMF") with exhibits as well as their support brief. (Docs. 102 & 103).

Subsequently, Plaintiff requested several extensions of time to file his opposition brief to Defendants' dispositive motion and his response to Defendants' SMF. The Court granted all of Plaintiff's motions for additional time, including Plaintiff's most recent motion of March 11, 2011. (Docs. 105, 106, 108, 109, 110, 111, 115 & 116).

On March 16, 2011, Plaintiff filed a Motion for Voluntary Dismissal of his case along with a support brief. (Docs. **117** & 118).

## II. Discussion.

In his March 16, 2011 Motion for Voluntary Dismissal and support brief (Docs. **117** & 118), Plaintiff states that he requests the Court to dismiss his case due to his failure to exhaust all of his

administrative remedies with respect to all of his claims against Defendants. Plaintiff states that he concedes Defendants are correct with respect to their first argument raised in their dispositive motion and brief, namely that he failed to exhaust the BOP administrative remedy process regarding all claims against Defendants and, he states that there are no issues of material fact in dispute as to his claims against all Defendants. Plaintiff states that he "believes it would be futile to continue to litigate this case" and, that he no longer desires to continue to prosecute this case. (Doc. 118, p. 2).

Plaintiff requests that the Court grant his Motion for Voluntary Dismissal and, that the Court dismiss his case.

We find that the Court should grant Plaintiff's Motion for Voluntary Dismissal under Fed.R.Civ.P. 41(a)(2) (Doc. 117) and, dismiss his case. We will recommend that the Court dismiss Plaintiff 's case with prejudice since, as noted above, the present case was the second, almost identical § 1331 civil rights action which Plaintiff filed against the same three Defendants, Trgovac, McConnell and Cerney. Plaintiff's first case was filed on February 19, 2008, and it was docketed to Civil No. 08-0301, M.D. Pa. On April 10, 2008, the District Court issued an Order and granted Plaintiff's request for voluntary dismissal without prejudice. (Doc. 11, #08-0301). Plaintiff's #08-0301 case was then closed. Subsequently, Plaintiff filed the present §1331 civil rights action nearly identical to his #08-0301 case. Thus, Plaintiff has already had two opportunities to raise his claims against Defendants in two separate cases, and we find that he should not be allowed a third such opportunity to re-assert these claims. Moreover, Plaintiff concedes that Defendants' dispositive motion has merit and, Defendants' evidence is not disputed by Plaintiff, including their evidence

showing Plaintiff's failure to exhaust all of his claims.

The PLRA provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. "A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id*. (citation omitted).

The Third Circuit Court of Appeals has held that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002); *Hemingway v. Ellers*, 2008 WL 3540526, *9. The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Accolla, supra*. The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Id.; Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004).

There is no dispute that BOP had an administrative remedy policy during the relevant times of this case. *See Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 9-7-10).

In *Cooper,* 2010 WL 3528848, *7-*8, the Court stated as follows:

An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq.* An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at § 542.14(a). The inmate has twenty (20) days following the date on which the basis for the complaint occurred in which to complete informal resolution and submit a formal written administrative remedy request. *Id*. The procedure further provides that an extension may be allowed where an inmate demonstrates a valid reasons for delay. *Id.* at § 542.14(b). The regulation states, in part:

> Valid reasons for delay include the following: an extended period
> in-transit during which the inmate was separated from documents
> needed to prepare the Request of Appeal; an extended period of time
> during which the inmate was physically incapable of preparing a
> Request of Appeal; an unusually long period taken for informal
> resolution attempts; indication by an inmate, verified by staff, that
> a response to the inmate's request for copies of dispositions requested
> under § 542.19 of this part was delayed.

*Id*. If dissatisfied with the response to the formal written request, the inmate may then appeal an adverse decision to the Regional Office and the Central Office of BOP's General Counsel. *Id.* at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *Id.* at § 542.15(a).

As stated, it is not disputed that Plaintiff did not exhaust all of his claims against Defendants in this case, and Defendants' evidence demonstrates this. (See Doc. 103, pp. 27-31).

Accordingly, we will recommend that the Court grant Plaintiff 's Motion for Voluntary Dismissal under Fed.R.Civ.P. 41(a)(2) (**Doc. 117)** and, dismiss his case with prejudice.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that the Court grant Plaintiff's Motion for Voluntary Dismissal under Fed.R.Civ.P. 41(a)(2) (**Doc. 117)** and, that the Court dismiss Plaintiff's case with prejudice.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: March 22, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN E. RATIGAN, | : | CIVIL ACTION NO. **4:CV-08-1667** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIE TRGOVAC, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 22 , 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 22 , 2011**